Pierce v. United States                    CV-04-143-M    05/10/04

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Keone Pierce,
      Petitioner

      v.                                        Civil No. 04-143-M
                                                Opinion No. 2004 DNH 083
United States of America,
      Defendant


                           O R D E R


      Petitioner seeks relief under the provisions of 28 U.S.C.

§ 2255, claiming a variety of trial-related errors, including

ineffective assistance of both trial and appellate defense

counsel.


      Petitioner says trial defense counsel provided ineffective

assistance by failing to request a jury instruction concerning

conspiracy with a government informant, and by failing to object

to an alleged sentencing error.  There was no sentencing error;

petitioner was sentenced consistently with the applicable

criminal statutes and Sentencing Guidelines.  He was sentenced to

a period of incarceration of 210 months for conspiring to

possess, with the intent to distribute, and to distribute the

controlled substances cocaine and cocaine base, or "crack" cocaine. That sentence was less than the maximum provided for the offense of conviction (240 months), thus, no violation of the rule set out in Apprendi v. New Jersey, 530 U.S. 466 (2000) occurred. See 21 U.S.C. § 841(b)(1)(C). And, even assuming counsel should have requested a jury instruction regarding conspiracy with a government informant, his failure to do so did not result in any prejudice to petitioner, given the extensive evidence in the record supporting his guilt of the offense charged.

In order to prevail on an ineffective assistance claim, petitioner would have to show not only that counsel's performance fell below an objective standard of reasonableness (and it did not), but also that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Here, petitioner was not prejudiced by any sentencing error, and even had counsel requested the instruction described, the result of petitioner's trial would have been no different.

2

Regarding petitioner's claim of appellate ineffective assistance, it should be noted that appellate defense counsel asked to withdraw from representing petitioner on grounds that petitioner's direct appeal presented no meritorious issues. See Anders v. California, 386 U.S. 738 (1967); 1st Cir. Loc. R. 46.4(a)(4). After reviewing both the record and the filed briefs, the court of appeals agreed that no issue having an arguable basis in law or fact was presented, and allowed counsel to withdraw. See Judgment, No. 02-1093 (1st Cir. December 20, 2002). Nothing presented in this petition suggests that appellate counsel's performance fell below an objective standard of reasonableness, or that petitioner was prejudiced in some way by appellate counsel's performance. Indeed, the appellate docket reflects that petitioner filed his own separate brief on appeal. He presumably raised all issues he thought worthy of pursuit, without success.

The other issues petitioner raises are without merit.

## Conclusion

The petition and the files and records of this case conclusively show that petitioner is entitled to no relief. Accordingly, the petition is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 10, 2004

cc:  Keone Pierce
     Peter E. Papps, Esq.